**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL** |
| **VERSUS** | |
| **CORY CONRAD** | **NO. 18-92-JWD-RLB** |

## ORDER

Before the Court is Defendant's Motion to Reopen Detention Hearing. (R. Doc. 18). The Motion is Opposed. (R. Doc. 19). On July 24, 2018, the Defendant appeared in Court for his initial appearance. (R. Doc. 6). The Defendant was sworn, advised of his rights and advised of the purpose of the hearing. The Defendant was advised of the charges against him. After questioning by the Court, the Defendant was found eligible for court appointed counsel and the Office of the Federal Public Defender was appointed to represent the Defendant.

The government moved for the Defendant's detention pursuant to 18 U.S.C. § 3142(f)(1)(E) and (f)(2)(A). The Defendant was advised of his right to a hearing on the government's motion, including his right to an appropriate continuance of the hearing so that he could return with his appointed attorney. The Defendant was informed that should he insist on proceeding without his attorney, he would not be entitled to another hearing simply because he is later represented. Despite the Court's warning, the Defendant insisted on proceeding that day and signed a waiver of the right to assistance of counsel for the remainder of the proceeding. (R. Doc. 10). At the conclusion of the hearing, the Court found that the government met its burden of showing by clear and convincing evidence that there are no conditions or combination of

conditions that could reasonably assure the safety of the community. The defendant was ordered detained. (R. Doc. 6).

On August 9, 2018, the instant Motion was filed. The Defendant represents that there is a basis to reopen the detention hearing pursuant to 18 U.S.C. § 3142(f)(2), "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required, and the safety of any other person in the community."

The sole basis provided in the Motion in support of the aforementioned finding is that the Defendant's uncle, Mr. John Conrad, is willing to serve as a third party custodian. (R. Doc. 18-1 at 2). The government opposed the Motion on the basis that even assuming Mr. Conrad would so testify, this is not "new evidence" that would warrant reopening the detention hearing. The Court agrees.

In *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989), the Fifth Circuit agreed that the testimony of the defendants' sister, mother and a friend was not new evidence for purposes of reopening the detention hearing. Similarly, the existence of Mr. Conrad as the defendant's uncle and his willingness to testify is not new "evidence." *See United States v. Ward*, 235 F. Supp. 2d 1183, 1185 (N.D. Okla. 2002) (whether a witness' willingness to testify was unknown at the time of the hearing is not relevant). The Court also notes that the Defendant specifically informed the pretrial services office, and therefore was specifically considered by the Court, that he intended to move in with another family member at an unknown address. The fact that this family member has now been identified is hardly new evidence.

The Court also notes that the existence of a family member and a new place to stay hardly addresses the Court's concerns that the Defendant poses a danger to any other person and the community. The Defendant is noted to have a significant criminal history, a history of violating court ordered conditions of probation and parole, often through the commission of new criminal conduct. The Defendant also has a history of drug and alcohol abuse. The Court finally noted, as required by 18 U.S.C. § 3142(g), that the weight of the evidence in this case, the possession of a loaded firearm by a convicted felon, was strong. (R. Doc. 7). The Court finds that the proffered information by the Defendant does not materially address the bases for the Court's order of detention.

For the foregoing reasons, the Motion to Reopen Detention Hearing (R. Doc. 18) is **DENIED**.

Signed in Baton Rouge, Louisiana, on September 6, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**